BEACH, ROBERT E., Associate Judge.
Appellant, John A. Costa, appeals to this Court from a Final Judgment entered by the Pinellas County Circuit Court awarding his wife, Priscilla Costa, appellee, a divorce, custody of their three children, and alimony and child support in the amount of $70.00 per week.
After Priscilla filed her complaint the parties entered into a Stipulation whereby John released his interest in their former home-place and in an automobile, assumed certain outstanding debts, and agreed to pay $10.00 per week for support of the wife and $15.00 per week for support of each child, or a total of $55.00 per week for the wife and three children. The Stipulation specifically provided that the child support and alimony were made on the basis of the parties’ present financial circumstances, and that the Stipulation was to be subject to modification at a later date when circumstances would warrant such modification. Both sides were represented by attorneys in the negotiation of the Stipulation.
A duly appointed Special Master heard testimony on behalf of Priscilla, John not appearing personally. The Stipulation was received in evidence. Priscilla testified that John’s salary as a hairdresser was $100.00 per week but that he was also a one-third partner in the hairdressing business, receiving an income from profits at the end of each month. The Special Master found that the Stipulation was fair and reasonable and recommended its approval by the Court. However, the trial Court was not satisfied with the financial arrangement agreed upon by the parties and thereupon disapproved the report of the Master, and set the case for further hearing personally before the Court.
Thereafter there was a Court hearing, and the Judge heard testimony as to the financial matters involving the parties. It was established that John’s newly established hairdressing business was heavily in debt, earning minimal profits, most of which were used to reduce existing debts of the business. John’s minimum income from the business was about $110.00 per week, or $476.00 per month. John also assumed $1,338.00 in outstanding debts. His personal living expenses were $155.00 per month. There was no evidence to demonstrate that he was living extravagantly.
Priscilla’s evidence established that she required approximately $473.00 per month for living expenses for herself and her three minor children.
*125 At the conclusion of the hearing the Judge approved the Stipulation previously entered into between the parties except as to alimony and child support which the Court increased from $55.00 set forth in the Stipulation to $70.00 per week. However, in awarding the $70.00 per week the Court failed to allocate the money between child support and alimony.
John has appealed to this Court and challenges the action of the Judge in increasing the award for alimony and child support over the amount fixed in the Stipulation. We believe that John is correct and that the lower Court’s Order should be reversed.
It is clear from the record that the parties entered into the Stipulation in good faith, free from fraud, deceit, coercion, trickery, or overreaching. There is no suggestion that John misstated his income or financial worth. Throughout the negotiations Priscilla was represented by an experienced member of the Bar. This was a marriage of approximately ten years so it can be safely assumed that Priscilla had a general understanding of the nature and extent of her husband’s earnings and assets. Under the circumstances, it would seem that the recent case of Zakoor v. Zakoor, Fla.App.1970, 240 So.2d 193 and the many cases cited therein is controlling which states:
“ * * * property settlement agreements between husband and wife made in contemplation of a divorce are, in the absence of fraud, coercion, or overreaching, valid and binding on the parties and should be respected by the Courts.”
Furthermore, even if the Judge was correct in altering the child support and alimony provisions of the Stipulation, we believe, that the Judge should have designated what portion of the $70.00 was to be for child support and what portion was to be for alimony. The allocation of the payment is important to the husband for tax purposes or for purposes of modification in the event of the wife’s remarriage or in the event the children become emancipated, marry or die, whichever event occurs first.
For these reasons the Judge’s Order is reversed and the trial Court is directed to modify the Final Judgment to embrace all of the terms of the Stipulation entered into by the parties.
PIERCE, C. J., and MANN, J., concur.